IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEREK A. CLIFTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 12-1198-SLR |
| | ) |
| SUPERINTENDENT BRITTON, | ) |
| and ATTORNEY GENERAL OF THE | ) |
| STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

_____

Derek Clifton. Pro se petitioner.

Gregory E. Smith. Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

_____

**MEMORANDUM OPINION**

July 22, 2015
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Presently before the court is petitioner Derek A. Clifton's ("petitioner") application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Delaware Superior Court convictions and Delaware sentence. (D.I. 1) Petitioner is a Pennsylvania inmate in custody at the Pennsylvania State Correctional Institution at Coal Township in Coal Township, Pennsylvania.[1] For the reasons that follow, the court will dismiss his application.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On July 23, 2007, petitioner, Anthony Watson, and Antonio Cropper cut a screen and entered a home located at 715 West 28th Street in Wilmington, Delaware. (D.I. 8 at 1) Once inside, they confronted the elderly bed-ridden resident, Mary Nichols. Watson removed an oxygen tube from a machine Nichols used to assist her breathing, and took a phone from her hands to prevent her from calling for help. *Id.* Before leaving, petitioner let the family dog out on the porch while he, Watson, and Cropper searched the home and stole jewelry and money. (D.I. 8 at 2)

On July 25, 2007, petitioner and Watson cut their way through a screen door at a home located at 2702 North Harrison Street in Wilmington, Delaware. (D.I. 8 at 2) When petitioner and Watson encountered the resident of the home, Joanne Spurlock, Watson displayed a knife and demanded money. Spurlock stated that she did not have any money. Petitioner took the knife from Watson while Watson searched the second

---

[1]Although petitioner is currently incarcerated in Pennsylvania and serving his Pennsylvania sentences, he may challenge his future Delaware sentence pursuant to 28 U.S.C. § 2254. *See Peyton v. Rowe*, 391 U.S. 54, 67 (1968); Rule (1)(a)(2), 28 U.S.C. foll. § 2254.

floor of the home. Spurlock then fled the home from the back door of the home and contacted the police. *Id.*

In October 2007, petitioner was indicted in Case No. 0709007071 for first degree robbery; possession of a deadly weapon during the commission of a felony; second degree burglary; second degree conspiracy; and criminal mischief. (D.I. 8 at 2; D.I. 9-5 at 3) In March 2008, petitioner was indicted in Case No. 0802034693 on charges of third degree burglary; second degree burglary; two counts of second degree conspiracy; two counts of theft less than $1,000; two counts of criminal mischief less than $1,000; and receiving stolen property. (D.I. 9-5 at 3)

During this same time period, petitioner was charged in two separate cases in the State of Pennsylvania. (D.I. 8 at 2) On February 25, 2008, petitioner pled guilty in one of his Pennsylvania cases to receiving stolen property, resulting in a sentence of 215 days to 23 months. *Id.*; (D.I. 9-11) On May 12, 2008, petitioner pled guilty in the other Pennsylvania case to robbery and inflicting serious bodily injury, resulting in a sentence of 48 to 96 months. (D.I. 8 at 3; D.I. 9-12).

Two warrants for petitioner's arrest were issued under Delaware Superior Court Criminal Rule 9 while he was incarcerated in Pennsylvania. (D.I. 8 at 3) On May 23, 2011, petitioner was extradited to Delaware under the Interstate Agreement on Detainers ("IAD") (codified in Delaware at 11 Del. Code § 2542 et seq.). He was arraigned on June 28, 2011, which was also the day on which the two Rule 9 warrants were returned. On August 15, 2011, during his final case review in the Delaware Superior Court, petitioner pled guilty to second degree burglary, third degree burglary,

and second degree robbery (the latter two were lesser-included offenses). He was immediately sentenced to a total non-suspended sentence for one and one-half years in prison. *Id.* On October 13, 2011, the Superior Court modified the effective date of the sentence so that petitioner did not receive credit against both his Delaware and Pennsylvania sentences for the same period of time. Petitioner did not appeal his convictions and sentences. *Id.*

In January 2012, petitioner filed his first motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), asserting three grounds for relief: (1) defense counsel provided ineffective assistance by failing to thoroughly investigate his case and discover that the gap of time from his indictment to sentencing violated due process; (2) his right to a speedy trial was violated; and (3) his right to due process was violated by the three and one-half year delay between indictment and arraignment, and by the failure to set bail. (D.I. 8 at 3; D.I. 9-5 at 3-4) The Delaware Superior Court summarily dismissed all three claims as waived by petitioner's voluntary and knowing guilty plea. (D.I. 9-5 at 6-7) Petitioner did not appeal that decision.

On August 20, 2012, petitioner filed a second Rule 61 motion. The Superior Court denied the motion on March 28, 2013, and petitioner did not appeal that decision. (D.I. 8 at 4)

Petitioner timely filed a § 2254 application in this court. (D.I. 1) The State filed an answer (D.I. 8), arguing that the court should deny the application because the

claims either fail to present issues cognizable on federal habeas review or they are procedurally barred.

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and

adequate state procedural rule, the claim is exhausted but procedurally defaulted. See Coleman, 501 U.S. at 750; Harris v. Reed, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); Coleman v, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," Murray, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. Bousley v. United States, 523 U.S. 614, 623 (1998); Murray, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial,"

5

showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

Petitioner's application presents the following three grounds for relief: (1) the trial court erred by not formally arraigning petitioner "at the time of his detainer" and by not setting bail; (2) the trial court violated the IAD by not scheduling his case for trial within 120 days of his extradition from Pennsylvania; and (3) defense counsel provided ineffective assistance by failing to file a motion to dismiss the charges against him due to the lack of an arraignment and the trial court's violation of the IAD.

### A. Claim One: Delayed Arraignment and Failure to Set Bail

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001).

In claim one, petitioner contends that the trial court erred by not arraigning him within forty-eight hours of his initial arrest in Delaware and for letting three and one-half years pass before his formal arraignment. However, because petitioner does not even vaguely assert this argument in terms of a violation of a federally protected right, the court concurs with the State's contention that the instant claim asserts an error of state law that is not cognizable on federal habeas review. *See, e.g., Temple v. Coleman*,

6

2013 WL 4015814, at \*9 (M.D. Pa. Aug. 6, 2013). Therefore, the court will deny petitioner's arraignment argument in claim one for failing to assert a proper issue for federal habeas review.[2]

As for petitioner's contention that the trial court failed to set bail, the record reveals that the trial court set bail for both of his Delaware cases on June 28, 2011, the date of his arraignment. Specifically, in *State v. Clifton*, No. 0709007071, bail was set at $82,000, and in *State v. Clifton*, No. 0802034693, bail was set at $45,000. (D.I. 9-1, Docket for *State v. Clifton*, No. 0709007071, Entry No. 11; D.I. 9-2, Docket for *State v. Clifton*, No. 0802034693, Entry No. 7) Thus, the court will deny the bail argument in claim one as meritless.

---

[2]Even if the court were to liberally construe petitioner's delayed arraignment argument in claim one as asserting a federal speedy trial claim, the court would deny it as meritless. Pursuant to *Barker v. Wingo*, 407 U.S. 514, 519 (1972), courts must consider four factors when determining if a defendant's speedy trial rights have been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Id.* "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* Delays of one year or more trigger the analysis into the other *Barker* factors. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).

Here, although the three and one-half years would trigger the need to engage in the *Barker* analysis, balancing the remaining three *Barker* factors demonstrates that petitioner's right to a speedy trial was not violated. First, the three and one-half year delay would not weigh against the State because it was attributable to petitioner's incarceration in Pennsylvania. Second, although petitioner asserted his speedy trial violation for the first time in his first Rule 61 motion filed on January 30, 2012, the record reveals that he had earlier opportunities to raise this issue. Consequently, petitioner's late assertion of his right to a speedy trial would weigh against him. And finally, since petitioner has not alleged or demonstrated that he suffered any actual prejudice because of the delay, *Barker*'s prejudice factor would also weigh against him. Thus, petitioner has failed to establish a speedy trial violation.

## B. Claim Two: IAD Violation

In claim two, petitioner appears to argue that the trial court violated the speedy trial provision in the IAD by failing to bring him to trial within 120 days of his arrival in the State of Delaware. *See* 11 Del. Code Ann. § 2543(c). In *Reed v. Farley*, 512 U.S. 229, 342 (1994), the Supreme Court held that a state court's failure to observe the 120-day rule of the IAD is not cognizable on federal habeas review if the defendant failed to register an objection to the trial date at the time it was set and suffered no prejudice attributable to the delayed commencement. Here, petitioner's trial date in Case No. 709007071 was set for August 15, 2011, and his trial date in Case No. 802034693 was set for August 18, 2011. The record contains no indication that petitioner objected to these dates, and petitioner raised his speedy trial concern for the first time in the Rule 61 motion he filed in January 2012. Therefore, pursuant to *Reed*, the court will deny claim two for failing to assert an issue cognizable on federal habeas review.

Nevertheless, even if the court were to treat claim two as asserting an issue cognizable on federal habeas review, the claim is unavailing. According to the Delaware Superior Court Criminal Dockets for petitioner's cases, the "detainer deadline" was August 24, 2011. (D.I. 9-1, Docket for *State v. Clifton*, No. 0709007071, Entry No. 11; D.I. 9-2, Docket for *State v. Clifton*, No. 0802034693, Entry No. 7) Petitioner entered his guilty plea on August 15, 2011, before that deadline expired. (D.I. 9-1, Docket for *State v. Clifton*, No. 0709007071, Entry No. 19; D.I. 9-2, Docket for *State v. Clifton*, No. 0802034693, Entry No. 22) Moreover, the State asserts that petitioner was returned to Delaware on May 23, 2011. Petitioner entered his guilty plea on August 15, 2011, which was 84 days after his arrival in the State of Delaware. Thus, under either

8

calculation, petitioner entered his guilty plea before the expiration of the IAD's detainer deadline. As such, to the extent claim two is cognizable, the court will alternatively deny it as meritless.

## C. Claim Three: Ineffective Assistance of Counsel

In his final claim, petitioner contends that counsel was ineffective for failing to determine that the trial court violated his rights by not arraigning him until three and one-half years after his arrest, and by failing to set bail. The record reveals that petitioner presented this argument to the Superior Court in his first Rule 61 motion, and the State asserts that petitioner presented this argument in his second Rule 61 motion.[3] The Superior Court denied both motions, and petitioner never appealed those decisions. Therefore, petitioner did not exhaust state remedies for claim three.

At this juncture, petitioner would be time-barred from presenting claim three to the Delaware state courts in a new Rule 61 motion in order to have an opportunity to appeal any adverse decision to the Delaware Supreme Court. *See Tribuani v. Phelps,* 820 F. Supp. 2d 588, 593 n.2 (D. Del. 2011). Consequently, claim three is procedurally defaulted, meaning that the court cannot review its merits absent a showing of cause and prejudice, or that petitioner is actually innocent.

Petitioner has not alleged, and the court cannot discern, any cause for his default of claim three. In the absence of cause, the court will not address the issue of

---

[3]The court cannot confirm that claim three was raised in petitioner's second Rule 61 motion, because the state court record does not contain a copy of petitioner's second Rule 61 motion or a copy of the Commissioner's Report and Recommendation recommending denial of his second Rule 61 motion. (D.I. 9) However, the court need not determine if both Rule 61 motions contained claim three, because petitioner's failure to appeal the Superior Court's denial of his two Rule 61 motions renders claim three procedurally defaulted.

prejudice. Additionally, the court concludes that petitioner's default should not be excused under the miscarriage of justice exception to the procedural default doctrine, because petitioner has not provided new reliable evidence of his actual innocence.

For all of the aforementioned reasons, the court will deny claim three as procedurally barred from federal habeas review.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). The court may issue a certificate of appealability only when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Further, when a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

For the reasons stated above, the court concludes that petitioner's habeas application must be denied. Reasonable jurists would not find this conclusion debatable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

10

## VI. CONCLUSION

For the foregoing reasons, the court will deny petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.